## THE STATE *vs.* EFF. McGowan.

Indictment for stealing two hogs, the property of W. The proof was that W. lost two hogs, and about two weeks afterwards some pork, with marks thereon, supposed to identify it as meat of the lost hogs, was found in the prisoner's possession. The presiding Judge charged the jury, that, if they were reasonably satisfied the meat found was the property of W., it was their duty to convict the prisoner. Verdict, guil'y. *Held,* That there was error in the charge, in point of law, because the jury were not instructed to inquire, in the first place, whether a larceny had been committed; and for such error a new trial was granted.

BEFORE J. J. DAVIS, Esq., DISTRICT JUDGE, LAURENS, MAY TERM, 1868.

The report of the presiding Judge is as follows :

" This defendant was tried for stealing two hogs, the property of Stephen Williams, (freedman). On the 14th day of March last, Stephen Williams lost two hogs—a red one and a black one. He went to Mr. Coon's, the place where the hogs were in the habit of using, and where this defendant lived, where he met with this defendant, who then had blood upon his hands and shoes. He did not take out a search warrant, or do anything farther. On the 30th of March, (the same month), Dr. R. C. Austin lost a hog, and finding tracks going from his hog pen in the direction of the

house of this defendant, he procured a search warrant, and, upon searching his house, found about fifty pounds of pork—all parts of the hog—cut into small pieces, and packed in two boxes in ashes. This meat had never been scalded, but the hair was singed off, leaving some hair on it which was black and red. Dr. Austin took out a warrant for this defendant, alleging the meat to be his, and had him imprisoned until Court. When he told his story to the Deputy Solicitor, they came to the conclusion that the meat was the property of Stephen Williams, and the indictment was so framed, and Stephen sent for to make a witness of him.

"The defendant proved by James Bryson that he got seven pieces of meat from some person unknown to the witness, and paid him $4.50 for the same; but this meat was bought the first Monday in March, and Stephen did not lose his hogs until the 14th of the same month, so it could not have been his hogs. I do not think the property was sufficiently identified, and so charged the jury, but told them this was a question for them, and instructed them that if, after maturely considering all the circumstances connected with this case, they were reasonably satisfied that the meat found in the possession of this defendant was the property of Stephen Williams, it was their duty to find the prisoner guilty, which they did."

The prisoner appealed, and now moved this Court for a new trial on several grounds, which it is deemed unnecessary to state.

*Sullivan,* for the motion.

*Todd,* Deputy Solicitor, contra.

Dec. 23, 1868. The opinion of the Court was delivered by

WILLARD, A. J. This was an appeal from the District Court of Laurens, tried at May Term, 1868. The charge was larceny. The proof showed that Stephen Williams lost two hogs; that, subsequently, fifty pounds of pork were found in the possession of the defendant, and some slight marks discovered, claimed as ground of identification with the property lost by Williams. Evidence was offered by the defendant to the effect that he had purchased a quantity of pork about a fortnight previous to the loss of Williams' hogs. The Judge charged the jury that if they were reasonably satisfied that the meat found in the possession of the defendant was the property of Stephen Wil-

liams, it was their duty to find the prisoner guilty. The jury found a verdict of guilty.

We regard this charge as incorrect in point of law. It was not enough that the meat found in defendant's possession was that of Williams' hogs; it was necessary for the State to show that a larceny had been committed, and for the jury so to conclude, before attaching importance to the identity of the property. The charge, as reported, was calculated to mislead the jury as to the necessity of distinct proof of the fact of a larceny, and the defendant, it must be assumed, has lost a substantial advantage thereby, which would have resulted from directing their minds to the true points at issue and the relation of the proofs of identity thereto. There must be a new trial.

*Hoge*, A. J., concurred.